IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joseph Smalls, | ) | |
| | ) | Civil No. 2:11-CV-1213-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Great American Lines, Inc.; Nucor Steel | ) | |
| SC Properties, LLC; Joe Smalls Boyz, LLC, | ) | |
| and John and Jane Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion to remand. Plaintiff Joseph Smalls filed a complaint in state court claiming that he suffered injuries when a portion of the wooden trailer he was loading collapsed. He alleges that his injuries were caused by the gross negligence and negligence of defendants. Defendants Nucor Steel SC Properties, LLC ("Nucor") and Great Americal Lines, Inc. ("GAL") removed the case to this court, claiming that defendants Joe Smalls Boyz, LLC ("JSB") and John and Jane Does 1-10 were fraudulently joined for the purpose of defeating diversity jurisdiction. Plaintiff filed a motion to remand, and defendants Nucor and GAL filed responses in opposition. For the reasons set forth below, the court denies plaintiff's motion.

## I. BACKGROUND

On April 12, 2011, plaintiff filed a second amended complaint in Dorchester County, South Carolina, alleging that he was injured when a section of a wooden trailer collapsed beneath him, causing him to fall. Plaintiff claims that defendants' gross

1

negligence and negligence caused him to suffer "severe and permanent injuries including but not limited to a fractured back, severe back pain and leg pain, and other severe physical injuries which will require medical treatment."  Second Am. Compl. ¶ 13.  GAL provided the trailer to plaintiff, and a Nucor crane operator was loading heavy equipment onto the trailer at the time of the accident.  The complaint contains numerous general allegations against defendants as a group;[1] however, it does not include any specific facts regarding how defendants JSB and John and Jane Does 1-10 were grossly negligent or negligent.  Plaintiff seeks actual and punitive damages and recovery of all costs.

On May 19, 2011, defendant Nucor, joined by defendant GAL, filed a notice of removal pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b).  According to the notice, plaintiff is a citizen and resident of Dorchester County, South Carolina.  Nucor is a single-member limited liability company (LLC) organized under the laws of the State of Delaware with its principal place of business in the State of North Carolina.  Nucor claims that it is improperly named as a defendant, and the proper defendant is Nucor Corporation, the sole member of Nucor's LLC.  Nucor Corporation is also organized under the laws of the State of Delaware with its principal place of business in North Carolina.  Nucor identifies GAL as a corporation organized under the laws of the State of Pennsylvania with its principal place of business outside the State of South Carolina.  JSB is an LLC organized under the laws of the State of South Carolina with its principal place

---

[1]For example, plaintiff alleges that defendants, as a group, were grossly negligent for "[f]ailing to maintain the trailer," "failing to warn the Plaintiff," and "failing to hire adequate personnel."  Second Am. Compl. ¶ 19(a), (g), (h).

2

of business in South Carolina.[2]  None of the parties submitted information identifying the members of this LLC or describing how it is managed.  Paragraph five of plaintiff's second amended complaint states that

> [u]pon information and belief, Defendants John and Jane Does 1-10, are or were at all times relevant to this action acting individually and as agents, servants, and/or employees of the corporate Defendants and within the course and scope of their employment with the corporate Defendants when they committed acts and omissions and the corporate Defendants are liable for their acts and/or omissions.

Nucor acknowledges that plaintiff's allegations have the potential to exceed the sum of $75,000, exclusive of interest and costs.  Nucor and GAL claim that JSB is plaintiff's business and the "alter ego"of plaintiff, Notice of Removal ¶ 10, and that plaintiff has joined JSB as a "sham Defendant for the sole purpose of defeating diversity jurisdiction in this action."  Notice of Removal ¶ 11.  Nucor and GAL also assert that John and Jane Does 1-10 are sham defendants joined for the purpose of defeating diversity jurisdiction.[3]

On June 2, 2011, plaintiff filed the instant motion to remand pursuant to 28 U.S.C. § 1447(c).  Plaintiff's first argument is that both he and JSB were (and still are) citizens and residents of South Carolina at the time the state action was commenced; therefore, complete diversity does not exist.  Plaintiff's second argument is that Nucor

---

[2]Interestingly enough, in his second amended complaint, plaintiff states, "*Upon information and belief,* the Defendant Joe Smalls Boyz, LLC is a corporation organized and existing under the laws of the State of South Carolina that regularly conducts business in Dorchester County, South Carolina."  Second Am. Compl. ¶ 4 (emphasis added).  Based on the limited information before the court, it appears that the only likely members of JSB are plaintiff and/or his wife; therefore, he should know with some certainty where the LLC is organized and operates.

[3]The citizenship of John and Jane Does 1-10 is not at issue.  Under 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded."

3

and GAL "cannot carry the heavy burden of proving either that the Plaintiff cannot establish a claim against Defendant Joe Smalls Boyz, LLC, or that there was outright fraud in the Plaintiff's pleadings of the jurisdictional facts as they relate to Defendant Joe Smalls Boyz, LLC." Mem. Supp. Mot. Remand 5. Plaintiff states that he "neither owns nor is the alter ego of Joe Small[s] Boyz, LLC as he was solely the driver of the company established and operated by Tiffany Smalls." Id. (citation omitted). Plaintiff has attached a "Trailer Rental Agreement" to his motion, which identifies "1229 Thirty Five Mile Road, Ridgeville, S[C] 29472" as the business address for JSB. Mot. Remand Ex. C, 1. This is also plaintiff's home address. The agreement further identifies plaintiff as the "Driver" of the business and his wife, Tiffany Smalls, as the "Owner." Id. at 3. In addition, an "Independent Contractor Agreement" is attached to plaintiff's motion as part of Exhibit C. That agreement reflects the same business address identified in the "Trailer Rental Agreement" and contains the signature of Tiffany Smalls in the capacity of "Contractor" on several pages of the document. Id. at 15, 18, 21, 23, 24.

On June 13, 2011, Nucor filed a response in opposition. Nucor argues that plaintiff's motion should be denied because "[t]here is no possibility that Joseph Smalls can recover from [JSB]." Resp. Opp'n 6. Nucor asserts that plaintiff's complaint fails to adequately state gross negligence or negligence causes of action against JSB. Nucor also argues that plaintiff "has no real intention of getting a joint judgment against his wife's company (which is based out of his home), as to do so he would presumably have to establish his own negligence" and adversely affect "his own household income." Id. at 9-10. In addition, Nucor notes that JSB has not made an appearance in this case, which

4

supports Nucor's argument that JSB is simply a sham defendant.  On June 17, 2011, GAL filed a response in opposition, adopting the brief filed by Nucor.

## II.  DISCUSSION

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand.  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)).  In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction.  Id.  "If federal jurisdiction is doubtful, a remand is necessary."  Mulcahy, 29 F.3d at 151 (citations omitted).

Title 28 U.S.C. § 1332(a)(1) grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . . ."  Since the enactment of this statute, the Supreme Court of the United States has "interpreted the diversity statute to require 'complete diversity' of citizenship."  Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (citation omitted).  Thus, diversity jurisdiction exists, "'so long as any two adverse parties are not co-citizens.'"  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 n.3 (1996) (quoting State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 531 (1967)).

To establish fraudulent joinder of a nondiverse defendant,

the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). "'The burden on the defendant claiming fraudulent joinder is heavy:  the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor.'" Id. (quoting Marshall, 6 F.3d at 232-33). "In other words, a joinder is fraudulent if 'there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.'" AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979)) (other internal quotations and citations omitted).

        "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted). This court is also required to "'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" Id. at 425 (quoting Marshall, 6 F.3d at 232). "Further, in determining 'whether attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" Mayes, 198 F.3d at 464 (quoting AIDS Counseling, 903 F.2d at 1004) (internal citation and quotation omitted).

        With due regard for the burden defendants must overcome, the court finds that plaintiff has fraudulently joined defendant JSB.  First, plaintiff has demonstrated "no real intention to get a joint judgment." AIDS Counseling, 903 F.2d at 1003 (quoting Lewis,

6

83 F.R.D. at 460).  Plaintiff claims to know little about JSB, other than he is not a

member and served only as its driver, and apparently, he has made minimal effort to

investigate.  A South Carolina Secretary of State filing identifies Tiffany Smalls as JSB's

registered agent; however, plaintiff has not obtained an operating agreement including the

names of JSB's members or describing how JSB is managed.  Surprisingly, plaintiff also

claims to have no knowledge regarding the status of the relationship between him and his

wife, who is the purported sole member of JSB.  The court views such statements as

disingenuous, particularly in light of the facts that JSB's business address is plaintiff's

home address, and prior to the action filed in Dorchester County, plaintiff and his wife

filed a similar complaint as co-plaintiffs against defendants, including JSB.[4]  Moreover,

during the motion hearing on July 13, 2011, plaintiff stated that he served JSB

approximately one month earlier.  JSB failed to respond, but plaintiff has not made any

effort to secure a default judgment against JSB.  JSB has yet to make an appearance in

this case.

      Second, plaintiff is unable to establish a cause of action against JSB in state court.

 Under South Carolina law,

> [i]n considering a motion to dismiss a complaint based on a failure to state
> facts sufficient to constitute a cause of action, the trial court must base its
> ruling solely on allegations set forth in the complaint.  [Spence v. Spence,
> 628 S.E.2d 869, 874 (S.C. 2006)].  If the facts alleged and inferences
> reasonably deducible therefrom, viewed in the light most favorable to the
> plaintiff, would entitle the plaintiff to relief on any theory, then dismissal
> under Rule 12(b)(6) is improper. [Baird v. Charleston County, 511 S.E.2d 69

---

[4]That complaint was voluntarily dismissed, giving at least the impression that plaintiff
was attempting to make it less obvious that JSB was fraudulently joined as a defendant in
the Dorchester County action.

7

(1999); Stiles v. Onorato, 457 S.E.2d 601 (1995)].

Doe v. Marion, 645 S.E.2d 245, 247 (S.C. 2007). "The question is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Cole Vision Corp. v. Hobbs, --- S.E.2d ----, 2011 WL 2447090, at *2 (S.C. Jun. 20, 2011).

During the hearing, plaintiff explained that Tiffany Smalls, and thus JSB, were negligent by failing to inspect the trailer adequately. Although plaintiff claims that defendants are aware of this argument and the related facts, plaintiff admitted that the complaint does not contain any fact-specific allegations regarding gross negligence or negligence on the part of JSB. Plaintiff offered to correct this deficiency by amending his complaint in state court. The undersigned relayed to counsel at the hearing that the deficiency can just as easily be remedied by amending his complaint in federal court.

### III.  CONCLUSION

For the reasons above, the court **DENIES** plaintiff's motion to remand.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**August 9, 2011**
**Charleston, South Carolina**

8